**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division – Baltimore)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *FOR* | : | |
| *THE USE OF* **MANAGEMENT AND** | | |
| **CONSTRUCTION SERVICES, LLC,** *et al.* | : | |
| | | Case No:  1:20-cv-01232-ELH |
| *Plaintiffs*, | : | Judge Ellen L Hollander |
| | | |
| **v.** | : | |
| | | |
| **SAYERS CONSTRUCTION, LLC,** *et al.* | : | |
| | | |
| *Defendants.* | : | |

### PLAINTIFF'S MOTION TO EXPAND WRITTEN DISCOVERY

The Plaintiffs, the United States of America, for the use of Management and Construction Services, LLC, and Management Construction Services, LLC ("MCS"), by and through its attorneys, John P. Lynch, C. Ryan Cohill, and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., hereby files this Motion to Expand Discovery, and in support thereof, states the following:

### Factual and Procedural Background

1.      MCS, and the Defendants Sayers Construction, LLC ("Sayers Construction") and Mark Sayers ("Mr. Sayers") worked extensively together on seven (7) different construction projects for the U.S. Navy (the "Task Orders").

2.      All of these projects were performed pursuant to a "Teaming Agreement" executed between the Parties, prior to beginning work on the Task Orders.

3.      When Sayers Construction failed to pay MCS as agreed for work it performed on the Task Orders, MCS filed suit to recover the amounts owed.  This lawsuit was removed to this Court on May 15, 2020, as the above captioned case.

4.     As a result of the ongoing nature of the relationship between the Parties, the Complaint in this matter has been amended to include additional Task Orders, bringing the total to amount of Task Orders involved in this action to Seven (7) (the "Second Amended Complaint").  *See MCS's Second Amended Complaint filed herein at Dkt. No. 57.*

5.     Sayers Construction has also filed a Counterclaim in this case, asserting a litany of vague deficiencies with MCS's work, that MCS's costs are inflated, and other offsets to the amounts that MCS claims (the "Counterclaim").   *See Answer to Second Amended Complaint and Counterclaim, filed herein at Dkt. No. 75 ¶¶19-26.*

6.     On October 22, 2020, MCS served Interrogatories (the "Interrogatories"), Request for Production of Documents (the "Document Requests"), and Request for Admissions (the "Requests for Admissions") on Sayers Construction in this matter.  (collectively the "Discovery Requests")

7.     The deadline for Sayers Constructions to respond to the Discovery Requests was initially continued from November 23, 2020 to January 15, 2021 by agreement of the Parties, as a result of a private mediation that the Parties were engaged in. *See Order on Joint Motion to Extend Scheduling Order at Dkt. No. 62.*

*8.*     The deadline to Response to the Discovery Requests was again continued to February 8, 2021, by Motion of Sayers Construction and Mr. Sayers, despite the fact that counsel for MCS stated to counsel for Sayers Construction that MCS was opposed such further extension in the deadline to respond to the Discovery Requests.   *See Order Granting Defendants' Motion for Extension of Time at Dkt. No. 65.*

9.     Mediation in the matter proved to be unfruitful.

10.     On February 8, 2021, MCS finally served its Reponses to the Discovery Request. But Sayers Construction failed to provide a substantive answer to **any** of the Discovery Requests.   Rather, it only provided a plethora of cookie cutter objections.     *See Sayers Constructions' Responses to the Request for Production, attached hereto as* **Exhibit A***; see also, Sayers Constructions' Responses to the Request for Admission attached hereto as* **Exhibit B***.*

11.     One Objection made by Sayers Constriction throughout its responses to the Discovery Requests was that the Request for Production and The Request for Admissions exceed the number of requests allowed under the Local Rule 104(1).[1]  *See generally* ***Ex. A; Ex. B****.*

12.     Such objection regarding the number of the Discovery Requests were first raised by Sayers Construction for the first time in Sayers Constructions' written Discovery Responses, served on MCS the day that such Discovery Responses were due on February 8, 2021.  This was despite the fact that the Discovery Request were served Three and-a-Half (3 ½) months prior, and during the interim counsel for the Parties were in discussion regarding extensions of the deadline for Sayers Construction to respond to the Discovery Requests, as well as engaged in mediation, as explained above.

13.     For the reasons that follow, it is in the interest of justice that this Court expand the number of Request for Admissions and Request for Production of Documents permitted to be served by the Parties in this case, as further described below.

---

[1] This Objection was also lodged by Sayers Construction in its Responses to the Interrogatories served by MCS, despite the fact that these Interrogatories only included twenty (25) Questions, including all discrete subparts, as permitted by the Fed R. Civ. Pro. 33 and the Local Rules.   The Parties have since engaged in good faith attempts to resolve the discovery dispute with regard to Sayers' objections to the Interrogatories.  The Interrogatories are not at issue in this Motion to Expand Discovery.

## Argument

Local Rule 104(1) states that, "**Unless otherwise ordered by the Court**, or agreed upon by the Parties, no party shall serve upon any other party, at one (1) time or cumulatively, more than (30) request for production, or more than (30) request for admission (other than requests for propounded for the purpose of establishing the authenticity of documents or the fact that documents constitute business records), including all parts and subparts." (emphasis added) Federal Courts have explained that, generally, the purpose of discovery in civil actions is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute; toward this end, procedural rules governing discovery are liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. *See U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D.Cal.2002).    Also, the Trial court has wide discretion in determining scope and effect of discovery. *Amey, Inc. v. Gulf Abstract & Title, Inc*., 758 F.2d 1486, 1505 (11th Cir. 1985).  The Federal Rules indicate a general policy to disregard technicalities and form and to determine rights of litigants on the merits, and to that end they are liberally construed. *Fakouri v. Cadais*, 147 F.2d 667, 669 (11th Cir. 1945)

### A. Given the nature of the claims by both Parties in this case, this Court should increase the Number Document Requests permitted.

This case involves a large amount of discoverable subject matter, given that the Second Amended Complaint involves Seven (7) different Task Orders.    Also, Sayers Constructions' Counterclaim alleges at least Four (4) separate categories of issues with MCS's work on the Task Orders, which has further expanded the scope of this case.  Moreover, the issues alleged by Sayers Constructing in the Counterclaim have been left almost completely unexplained beyond simply identifying these broad categories.  Nor has Sayers Construction identified which of the

Task Orders the issues its alleges pertain.   Lastly, the Parties will required documents relating to Experts, which have already been disclosed by MCS and are expected to be disclosed by Sayers Constriction.

A review of the sixty four (64) Document Requests that MCS has served on Sayers Construction show that the number of Document Requests are appropriate in relation to the amount of discovery required on the issues described above.   Specifically, the Document Requests relate to the following aforementioned topics:

- **Requests for Production Nos. 1-18**: standard requests relating to documents and communications

- **Requests for Production Nos. 19-21**: Task Order 1 (Charging Station Project)

- **Requests for Production Nos. 22- 24**: Task Order 2 (Sub-Station Project)

- **Requests for Production Nos. 25-27**: Task Order 3 (Fire Alarm Replacement Project)

- **Requests for Production Nos. 28-30**: Task Order 4 (Parking Lot Lighting Project)

- **Requests for Production Nos. 31-33**: Task Order 5 (Marine Barracks Project

- **Requests for Production Nos. 34-36:** Task Order 6 ((Guard Shack Feed Project)

- **Requests for Production Nos. 37-39:** Task Order 7 (Tank Replacement Project)

- **Requests for Production Nos. 40-45:** Experts

- **Requests for Production Nos. 46-47:** Documents obtained from 3rd parties

- **Requests for Production Nos. 48-63:** Documents relating to the claims and allegations of the Counterclaim

It should also be noted that, as indicated above, the Document Request make separate Requests **for each of the Seven (7) Task Orders**.  This was done to provide clarity in the Requests.  Conversely, it would have also been a proper approach under the Federal Rules and

Local Rules to consolidate such Requests by making one document Request as to each area of inquiry for all seven (7) Task Orders.  For instance, Request for Production Number 19 statues:

> **Requests for Production No. 19**: All Documents related to the Construction of **1802-WNY 386 AFV Charging Station Project**, including but not limited to contracts, agreement, surety agreements, permits, building plans, specifications, government approvals, photographs, estimates, submitted governmental proposals and approved governmental proposals.

(emphasis added)  *See **Ex. A** p*. 19.  Also, Requests for Production Number 25 requests:

> **Requests for Production No. 22**: All Documents related to the Construction of **1801-NRL-97 Sub Station Project**, including but not limited to contracts, agreement, surety agreements, permits, building plans, specifications, government approvals, photographs, estimates, submitted governmental proposals and approved governmental proposals.

(emphasis added). *See **Ex. A** p*. 24.  Document Requests 25, 28, 31, 34, and 37 follow this same pattern, simply asking the same question, but as to each Task Order.  Thus, since Requests 19, 25, 28, 31, 34 and 37 seek the same documents for each Task Order in separate Requests, they could be properly combined to make this Request as to **all** Task Orders.    In fact, for this same reason, all Twenty-One (21) of the Document Requests that comprise Document Requests 19 – 39 could be consolidated into only three (3) questions that inquire as to all of the Seven (7) Task Orders.  This is because these twenty one (21) questions are the same three (3) questions, just asked separately for each Task Order.  As such, Sayers Constructions' Objections as to the number of Requests are largely a matter of putting form over function.

Given the large amount of subject matter involved in the Second Amended Complaint and the Counterclaim, and document intensive nature of each of the seven (7) Task Orders, an increase in the usual number of requests specified in Local Rule 104(1) is warranted in this matter, so that the Parties can obtain evidence necessary to evaluate and resolve their dispute, and remove surprise from trial preparation. *See U.S. ex rel. Schwartz,* 211 F.R.D. at 392 Moreover, this Court will require a complete record to determine liability and damages in this

6

matter, which can only be achieved through expanded discovery.  Therefore, all of the Document Requests propounded by MCS on Sayers Construction should be permitted.

**B. An increase in the number Requests for Admissions permitted is also warranted.**

The Requests for Admissions follow a similar pattern as the Request for Production, in that they contain the same questions asked separately by Task Order.   The Request for Admissions contain 141 Requests which can be categorized as relating to the following:

- **Requests for Admission 1-7, 12:** General Requests

- **Requests for Admission 8- 11:**   Mr. Sayers' management of funds

- **Requests for Admission 13- 30:** Task Order 1 (Charging Station Project) – claims of Second Amended Complaint and Counterclaim

- **Requests for Admission 30-33:** Task Order 1 (Charging Station Project)-  Mr. Sayers' management of funds

- **Requests for Admission 34- 50:** Task Order 2 (Sub-Station Project) – claims of Second Amended Complaint and Counterclaim

- **Requests for Admission 51-54:** Task Order 2 (Charging Station Project) - Mr. Sayers' management of funds

- **Requests for Admission 55- 70:** Task Order 3 (Fire Alarm Replacement Project) – claims of Second Amended Complaint and Counterclaim

- **Requests for Admission 71-74:** Task Order 3 (Fire Alarm Replacement Project) - Mr. Sayers' management of funds

- **Requests for Admission 75- 91:** Task Order 4 (Parking Lot Lighting Project) – claims of Second Amended Complaint and Counterclaim

- **Requests for Admission 92-95:** Task Order 4 (Parking Lot Lighting Project) - Mr.  Sayers' management of funds

- **Requests for Admission 96- 115:** Task Order 5 (Marine Barracks Project) – claims of Second Amended Complaint and Counterclaim

- **Requests for Admission 116-119:** Task Order 5 (Marine Barracks Project) - Mr. Sayers' management of funds

- **Requests for Admission 120- 126:** Task Order 6 (Guard Shack Feed Project) – claims of Second Amended Complaint and Counterclaim

- **Requests for Admission 127-130:** Task Order 6 (Guard Shack Feed Project) - Mr.  Sayers' management of funds

- **Requests for Admission 131- 137:** Task Order 7 (Tank Replacement Project) - Second Amended Complaint and Counterclaim

- **Requests for Admission 138-141:** Task Order 7 (Tank Replacement Project) - Mr.  Sayers' management of funds

As indicated above, the number of Request for Admissions is directly related to the number of Task Orders involved in this case, as well as the fact that discovery is necessary for both to the claims of the Second Amended Complaint and the Counterclaim.  In addition, Count XII of the Second Amended Complaint contains a claim against Mr. Sayers, individually for Breach of Fiduciary Duty.  *See Second Amended Complaint at Dkt. No. 57 p. 34-36.*  This claim asserts, *inter alia*, that Mr. Sayers, as the managing Member of Sayers Construction, diverted funds received from the U.S. Navy, and owed to MCS, and held these funds in his individual capacity.  If this is not the case, and Sayers Construction in fact held the funds, MCS is entitled to this information from Sayers Construction through discovery.   As such, the additional claims against Mr. Sayers further justifies expanded number of Request for Admissions.

An increase in the Number of Requests for Production of Documents and Requests for Admissions is wholly warranted in this matter, where the Second Amended Complaint involves Seven (7) separate complex construction projects, a counterclaim by Sayers Construction, claims

by MCS against two defendants, and the number of Requests are largely a result of separating the Request by project for clarity.

Undersigned counsel has discussed the above requested expansion of discovery with Counsel for Sayers Construction during a meet and confer held on February 17, 2021, and again on a phone call on February 25, 2021, but the Parties have not been able to agree upon a how on proceed with regard to the Request for Production and Request for Admissions.

WHEREFORE, the Plaintiffs, the United States of America, for the use of Management and Construction Services, LLC, and Management Construction Services, LLC, respectfully request that this Court:

1. Order that the total number of Requests for Production of Documents that MCS and Sayers Construction may serve on each other in this case shall be Sixty-Five (65); and

2. Order that the total number of Requests for Admissions that MCS and Sayers Construction may serve on each other in this case shall be One Hundred and Fifty (150); and

3. For clarification, no increase in the written discovery permitted is requested for any Party to this case other than MCS and Sayers Construction as stated above.

4. Grant such further relief which this Court deems just and proper.

Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN, KIM,
GREENAN & LYNCH, P.A.


By:  /s/ John P. Lynch
John P. Lynch, Bar No.:  07433

By:  /s/ C. Ryan Cohill
C. Ryan Cohill, Bar No.: 14127
888 Bestgate Road, Suite 402
Annapolis, MD  21401
410-266-9909 (phone)
410-266-8425 (fax)
jlynch@mhlawyers.com
rcohill@mhlawyers.com
*Attorneys for the Plaintiff*


### REQUEST FOR A HEARING

Pursuant to and Local Rule 105(7), Plaintiffs Management Construction Services, LLC,

respectfully request a hearing on its forgoing Motion to Expand Discovery.


/s/ C. Ryan Cohill
C. Ryan Cohill

## **LOCAL RULE 104(7) FAITH CERTIFICATION**

Pursuant to Local Rule 104(7), counsel for the Plaintiffs Management Construction Services, LLC ("MCS") hereby certifies that it has conferred with counsel for Defendants Sayers Construction LLC, Mark Sayers, and Nationwide Mutual Insurance Company on a phone call on February 17, 2021 at 11:00 am, lasting approximately one (1) hour and fifteen (15) minutes, and again on a phone call on February 25 at 4:30 p.m., lasting approximately thirty (30) minutes, where good faith efforts to resolve the issues raised in the forgoing Motion, as well as other discovery matters, were discussed.  MCS and Sayers Construction were unable to resolve the discovery dispute as to the Request for Production of Documents and Admissions and Request for Admission propounded on Sayers Construction by MCS.

Counsel for MCS has also conferred with counsel for Philadelphia Indemnity Insurance Company, on a phone call on February 26, 2021, who has stated that they neither consent nor deny the relief request in the forgoing Motion.

/s/ C. Ryan Cohill
C. Ryan Cohill

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via the Court's electronic filing system this 26th day of February, 2021 to:

Jesse S. Keene, Esquire
Cozen O'Connor PC
1200 Nineteenth Street, NW
Washington, DC 20036
jkeene@cozen.com

Tina Wysk
Griffith Barbee PLLC
One Arts Plaza
1722 Routh St. Ste. 710
Dallas, Texas 75201
tina.wysk@griffithbarbee.com

Thomas S. Shafelberger
Saul Ewing Arnstein & Lehr
919 Pennsylvania Avenue, Suite 550
Washington DC 20006
tschauf@saul.com

/s/ C. Ryan Cohill
C. Ryan Cohill