**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**J. MARK COULSON**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>Phone: (410) 962-4953<br>Fax: (410) 962-4953 |

March 16, 2021

LETTER TO ALL COUNSEL OF RECORD

Re:   *Management and Construction Services, LLC v. Sayers Construction, LLC et al*
Civil No.: 1:20-cv-01232-ELH

Counsel:

Judge Hollander has referred this case to me for discovery and all related scheduling. (ECF No. 79). Before the Court is Plaintiff Management and Construction Services, LLC's ("MCS") Motion to Expand Written Discovery (ECF No. 77) wherein Plaintiff seeks to expand the permitted number of Requests for Production and Requests for Admission beyond thirty (30) as set forth in this Court's Local Rule 104.1. (D. Md. 2018). Defendant Sayers Constructions, LLC ("Sayers") opposes the requested expansion. (ECF No. 84). At the Court's request, MCS filed a reply memorandum addressing how, if at all, the dispute was affected by interim discussions between the parties. (ECF No. 86). To date, Sayers has failed to provide substantive responses to either the Requests for Production or Admission, instead lodging objections including that the number of requests in both categories exceeded thirty.[1] (ECF Nos. 77-1 and 77-2).

The Court held a conference call with counsel on March 16, 2021 to address these issues and some additional discovery and scheduling issues raised by the parties. MCS' motion (ECF No. 77) is granted as modified below. The Court also summarizes other decisions raised during today's conference call.

MCS correctly points out that Local Rule 104.1 gives the presiding judge (or, in this case, her designee) the discretion to expand these numerical limits. (ECF No. 77 at 4). This recognizes that this Court handles a wide variety of cases of differing complexity, making a "one size fits all" approach impossible. Nonetheless, even where an expansion may be appropriate, this Court (and the parties) always have the responsibility to administer rules to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

---

[1] Defendants' objections to the Requests for Admission focused on this numerical argument. Defendants' objections to the Requests for Production included other general objections such as privilege, overbreadth, burden, vagueness, and "not reasonably calculated to lead to the discovery of admissible evidence" (which, the Court notes, has not been part of the Federal Rules of Civil Procedure since the 2015 Amendments).

The Court has carefully reviewed the Second Amended Complaint (ECF No. 57), Answer and Counterclaim (ECF No. 75), and the discovery at issue. (ECF Nos. 77-1 and 77-2). The Court agrees that this matter, involving up to seven different disputed projects as outlined in the nearly 240 paragraph Second Amended Complaint, is sufficiently complex to allow for additional document requests. Similarly, the additional Requests for Admission will be allowed as that discovery device has the added benefit of streamlining the issues in dispute for both sides and reducing the need for other types of discovery, including potentially the number and duration of depositions. The Court also notes that MCS in the conference call with the Court has further reduced the expansion originally sought, now seeking forty (40) Requests for Production and sixty (60) Requests for Admission, and the Court grants this expansion. Of course, Sayers will be granted the same expansion if desired.

During the conference call, the Court also overruled Sayers' objection to the number of interrogatories.[2] Sayers agreed that it could provide substantive responses to the interrogatories by March 19, 2021, and they are ordered to do so.

Finally, both parties raised concerns about the impending May 2021 discovery deadline. The parties did engage in private mediation (which is always encouraged), resulting in a *de facto* stay of discovery. The Court agrees that a reasonable extension is appropriate. The parties should confer and present a joint proposal to the Court.

Though not (yet) raised by the parties for resolution, the Court will offer guidance for the parties' consideration as they proceed with discovery. Despite its factual complexity, the case centers on nonpayment for work performed on certain specified shared projects, with the justification for withholding payment being that Plaintiff allegedly performed unauthorized medium and high voltage electrical work that Defendants themselves could have performed more economically, and that the work so performed was nonconforming. As Plaintiff did (for example) in Requests 29-39, the discovery should, to the extent possible, be specifically tailored to collecting information along those lines. By contrast, discovery requests seeking information that "concerns, refers, or relates to" essentially any allegation in the complaint or counterclaim or similar non-specific requests are difficult to respond to. Sayers should do its best with such requests, but the Court will not subject Sayers' responses to such requests to tremendous scrutiny given their generalized nature.

For their part, Defendants will not be allowed to avoid discovery based solely on general boilerplate objections. Allegations of burden should be detailed and specific. Assertions of privilege should be accompanied by a compliant privilege log describing any relevant documents withheld on that basis. (Concerns of inadvertent waiver can be assuaged by joint submission of a FRE 502(d) order.) If objections are asserted, the responses should make clear whether any information has been withheld based on the objection, rather than making Plaintiff and the Court guess by attempting to hedge any production with the impermissibly obscuring phrase "notwithstanding these objections…."

---

[2] There was some disagreement as to how many interrogatories were propounded by MCS given a lack of consensus about whether some contained discreet subparts that should be counted against the total.

Accurate and complete discovery responses are not only a responsibility of counsel and their client, but also an opportunity for counsel and their client.  It is one of the rare times during the uncertainty of litigation where counsel can tell their client's story in precisely the most persuasive way possible.  Discovery also presents counsel with the opportunity to have frank discussions with their clients so as to assess what precise documents and testimony are available to support their case, and to surface challenges in the case that need to be addressed.

The Court strongly suspects given the high caliber of counsel involved and the parties' industry expertise and long history of dealing with each other that there could largely be agreement on what information and documents are relevant to deciding this dispute.  In fact, the parties may well have marshalled some of it in preparing for their intervening mediation.  It will be a far more efficient process if counsel works together collaboratively in facilitating that exchange.  To the extent Court intervention is needed, the parties should follow the process outlined in this Court's memorandum regarding discovery (ECF No. 80).

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge


cc: The Honorable Ellen L. Hollander